IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| In re: ) | Case No. 15-45961 |
| ) | Chapter 11 |
| CURTIS O. LONGS, ) | Judge Marci B. McIvor |
| ) | |
| Debtor. ) | |
| _____) | |

## JOINT STIPULATION FOR COMMENCING PAYMENTS TO IRS

Debtor, Dr. Curtis O. Longs, and Creditor, Internal Revenue Service (IRS), (the "Parties") by and through their undersigned counsel hereby enter the following stipulation proposing to provide for the Debtor to commence Chapter 11 pre-plan monthly payments to the IRS toward certain tax liabilities that the parties agree were not discharged in the Debtor's prior Chapter 7 case, and to commence Chapter 11 pre-plan monthly payments into escrow for certain additional liabilities as to which there is a dispute regarding whether they were discharged. The law firm hired by the Debtor, Goldstein, Bershad & Fried, PC, shall be the Escrow Agent and agrees to comply with the terms of the escrow as set forth herein.

*Premises*

A. WHEREAS the IRS has filed an amended proof of claim for tax debts totaling $534,459.81 that (1) values collateral for purposes of 11 U.S.C. § 506(a) at $57,396 and lists as secured debt income tax penalties for 2002 that the IRS acknowledges were discharged in Debtor's previous Chapter 7 case, and income tax plus interest for 2003; (2) lists unsecured priority claims totaling $234,114.01 including income tax plus interest for years 2008 through 2014 inclusive, and trust fund recover penalties for quarterly periods in 2004, 2005, and 2006; and (3) lists unsecured general claims totaling $242,949.80 including additional interest on 2003 income tax, income tax and interest for 2006 and 2007, and penalties on priority claims and on unsecured general claims;

1

B. WHEREAS the Debtor agrees with the IRS that the tax and interest for his and 2008 through 2014 income tax liabilities were not discharged in his prior Chapter 7 case but maintains that the 2006 and 2007 liabilities were discharged and reserves the right to question or object to the penalties for those years (including by contending they were discharged even if the tax and interest are ultimately determined not to have been discharged). Debtor reserves his right to question or object to the amount of the tax liabilities owed to the IRS. At this time the debtor does not take a position on whether tax liabilities from years 2002-2005 were discharged and reserves the right to object to those liabilities.

C. WHEREAS the IRS contends, but Debtor disagrees, that Dr. Longs's rights to collect post-petition income arise subject to the federal tax liens for the liabilities that were not discharged in his prior Chapter 7 case, and the IRS further contends, but Debtor disagrees, that, even if the liens do not attach to post-petition income, it is inappropriate on the facts of this case to allow the Debtor to expend disposable income during the Chapter 11 pre-plan period without making payments toward his tax liabilities;

D. WHERES the IRS informed the Debtor that it was considering filing a motion to dismiss this Chapter 11 case on various grounds and/or to lift the stay unless he begins making payments pending the proposal and confirmation of a plan; and

E. WHEREAS the parties desire to narrow their disputes by this stipulation and provide for the commencement of payments toward the tax liabilities other than 2006 and 2007 whether in the nature of adequate protection or otherwise, and for the escrowing of payments that may be released toward satisfaction of the 2006 and 2007 liabilities if (and when) those liabilities determined to have been excepted from his Chapter 7 discharge and, contemporaneous with this stipulation, the Parties are submitting an order for the Court to so order the terms set forth below;

NOW, THEREFORE, Debtor and the IRS do hereby stipulate and agree to the following terms:

*Terms*

1. Dr. Longs shall begin making payments directly to the IRS in the amount of $7,000.00 (seven thousand dollars) per month beginning June 15, 2015, and continuing on the 15th of each succeeding month until a plan is confirmed (and continuing thereafter only if the plan provides for such continuation, and otherwise subject to modification in a confirmed plan); provided that any payments due prior to the Court's approval of this stipulation shall be subject to an order requiring their disgorgement if the Court does not approve this stipulation and concludes that disgorgement is appropriate. Said payments shall not be applied to tax years 2002-2007 and otherwise may be applied as the IRS determines, without prejudice to any subsequent motion by the Debtor to require the IRS to reapply the payments to the extent that the IRS's initial application is determined to have been unlawful. Upon determination by the Court or a court of competent jurisdiction that tax liabilities for any year 2002-2005 were not discharged in the debtor's prior Chapter 7, the IRS may begin applying payments to any year for which such a determination is made. Payments shall be made by the Debtor payable to "U.S. Department of Justice" and mailed to Department of Justice ATTN: TAXFLU, P.O. Box 310, Ben Franklin Station, Washington, D.C. 20044 and shall include the Debtor's name and 2015101257 and may be marked to indicate "not for 2002-2007."

2. Dr. Longs shall begin making payments of $2,000.00 (two thousand dollars) per month to the Escrow Agent beginning June 15, 2015, and, continuing on the 15th of each succeeding month until a plan is confirmed (and continuing thereafter only if the plan provides for such continuation, and otherwise subject to modification in a confirmed plan), to hold in escrow, with the understanding that the escrow is to be released to the IRS and applied toward the 2006 and 2007 tax liabilities if and when they are determined to have been excepted from discharge in the prior Chapter 7 case. Upon a determination that the 2006 and/or 2007 liabilities were excepted from discharge, the escrowed funds

3

shall be turned over to the IRS. The IRS agrees to restore the funds to the escrow agent if the judgment or order in the IRS's favor is reversed. Upon a judgment that the liabilities were discharged, Dr. Longs may cease making the payments into escrow immediately but the Escrow Agent shall retain the escrowed funds pending any appeals by the IRS. Upon the exhaustion of appeals by the IRS, or if the IRS does not appeal a judgment determining that the 2006 and 2007 liabilities were discharged, the escrowed funds shall be disposed of as follows unless the parties agree otherwise or unless a confirmed plan provides otherwise: (1) if a plan has been confirmed providing for the rest of the IRS's claim and the plan does not expressly provide otherwise, the escrowed funds may be released to Dr. Longs; (2) if the case has been dismissed or converted to Chapter 7, the escrowed funds shall be turned over to the IRS for application to liabilities other than 2006 and 2007; (3) if the case is pending and a plan has not been confirmed, the escrowed funds shall be retained in escrow pending confirmation of a plan unless the Debtor agrees at that time that the escrowed funds should be turned over to the IRS for application to his liabilities other than the 2006 and 2007 liabilities. In the event of any conflicting demands on the Escrow Agent that is not promptly resolved, the Escrow Agent shall commence an interpleader action in the District Court naming Dr. Longs and the United States as defendants except that, if the Chapter 11 case is still pending and has not been converted to Chapter 7, the Escrow Agent may elect instead to file a motion in the Bankruptcy Court for the determination of the appropriate disposition of the Escrowed Funds. The Escrow Agent shall inform counsel for the IRS if any failure of the Debtor to make a monthly payment into escrow within seven days of the due date of the payment and shall inform the IRS promptly if the failure is cured.

3. So long as Dr. Longs is not in default in the making of payments required by this stipulation and order and also provided he is in compliance with postpetition tax filing

4

15-45961-mbm    Doc 45    Filed 06/08/15    Entered 06/08/15 16:53:34    Page 4 of 5

and payment obligations, the IRS shall not seek the dismissal or conversion of his Chapter 11 case.

4. This represents the complete agreement of the parties and is not intended to imply the resolution of any additional disputes or potential disputes between them and is therefore without prejudice to any substantive or procedural rights of the parties except as explicitly resolved by this stipulation.

5. The debtor shall actually sign this stipulation and agreement, and counsel for the Debtor and counsel for the IRS may represent their signatures electronically, and the attorney that files this stipulation shall be deemed to certify that counsel for the other party has authorized the inclusion of his electronic signature.

SO AGREED:

For the Internal Revenue Service:

*/s/ Steven M. Dean*
Steven M. Dean
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Washington, D.C. 20044
(202) 307-6499 / Fax: (202) 514-5238
Email: Steven.M.Dean@usdoj.gov

For the Debtor:

*/s/ Aaron J. Scheinfield*
Aaron J. Scheinfield
Goldstein Bershad & Fried PC
4000 Town Center, Suite 1200
Southfield, MI 48075
(248) 355-5300 / Fax: (248) 355-4644
Email: aaron@bk-lawyer.net

Curtis O. Longs     6/5/2015