UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re Curtis O. Longs,                                   Case No. 15-45961-mbm
                                                              Chapter 11
                          Debtor.                                Hon. Marci B. McIvor
_____/

**OPINION GRANTING THE INTERNAL REVENUE SERVICE'S RENEWED MOTION FOR RELIEF FROM STAY TO ENFORCE TAX LIENS AGAINST PREPETITION RETAINER FUNDS**

This matter is before the Court on the Internal Revenue Services ("IRS") Renewed Motion for Relief From Stay to Enforce Tax Liens Against Prepetition Retainer Funds. The IRS's Renewed Motion specifically "seeks to collect (either through lawsuit or levy) the unused portion of the prepetition retainer paid by the Debtor to the law firm of Goldstein, Bershad & Fried, P.C. ("GBF")." (IRS Motion at 1). The "unused" portion of the prepetition retainer is $14,028.75 and is currently being held in escrow by GBF.[1] For the reasons stated in this Opinion, the Motion is granted.

**I. Background**

The present bankruptcy case is debtor Curtis Long's third bankruptcy filing in four years. Needless to say, Debtor's relationship with the IRS is long and complicated, thus the Court will set forth only those facts which are directly relevant to deciding the present Renewed Motion for Relief from Stay.

Prior to the filing of Debtor's first bankruptcy case in February, 2011 (case no. 11-

---

[1]The term "unused" is not completely accurate. On August 19, 2015, GBF filed an interim fee application seeking fees in the amount of $29,750 (Dkt. No. 97). The parties have agreed informally that GBF is entitled to an interim award in the amount of $22,500. (Dkt. No. 144) To the extent that interim fees are approved by this Court, the parties have agreed that the approved fees will not be paid out of the prepetition retainer pending resolution of this Motion.

43143), the IRS filed the following federal tax liens:

> April 25, 2007, covering tax periods ending December 31, 2002 through 2005 and totaling $316,084.53
>
> April 6, 2009, covering tax periods ending December 31, 2006 and 2007 totaling $135,573.83
>
> October 7, 2009, covering tax periods ending December 31, 2004, 2005 and 2007 totaling $14,152.50

After the first petition was filed, the IRS filed the following additional tax liens:

> March 15, 2011, covering tax periods ending December 31, 2008 and 2009 totaling $101,460.21.
>
> April 2, 2013, covering tax periods ending December 31, 2010 and 2011 totaling $77,239.36.
>
> February 11, 2014, covering the tax period ending December 31, 2012 totaling $16,264.74.

In March, 2014, Debtor filed his second bankruptcy petition (case no. 14-43447). Debtor's second case was filed under Chapter 7 of the Bankruptcy Code. Debtor received a Chapter 7 discharge on September 19, 2014.

Debtor filed the instant Chapter 11 case on April 15, 2015. Schedule A, filed in the present case, discloses Debtor's home in Bloomfield Hills, Michigan. It is owned jointly with his wife and is valued at $615,000 with an outstanding mortgage of $905,374.78. Debtor appears to have no other real property. Numerous other liens are recorded against the property, including the IRS's liens. Schedule B discloses personal property totaling $57,396. Debtor is claiming no exemptions on Schedule C. Schedule D discloses the mortgage debt as well as the liens on all real and personal property. Schedule E states a $22,835 priority debt to the IRS for 2014 "Income Tax" (business debt). Schedule F discloses no unsecured debt owed to the IRS.

On April 23, 2014, the IRS filed a claim in the amount of $626,388.50 (claim 1), which it amended on August 24, 2015, to $534,459.81.[2] Debtor objected to the claim.[3]

On April 29, 2015, Debtor filed an Application to Employ Goldstein, Bershad & Fried, P.C. ("GFB") as bankruptcy counsel. (Dkt. No. 32). The Application noted that the attorneys received an initial prepetition retainer of $21,717.00 and attached a copy of the signed retainer agreement dated March 27, 2015. Of the $21,717.00, $7,688.25 was applied to prepetition legal services, leaving a balance of $14,028.75 to be held in escrow "as an asset of the bankruptcy estate, with compensation to be paid as an administrative expense. . . " (Dkt. No. 32). The IRS objected to the employment application and asserted that the retainer was paid from prepetition funds which were subject to the IRS's tax liens. The IRS argued that the retainer was cash collateral belonging to the IRS and moved to have the retainer turned over to the IRS. (Dkt. No. 36).

On June 9, 2015, the Court held a hearing on the application to employ GBF. The Court approved the application. The Order issued by the Court stated that the $14,028.75 "shall be held in escrow as property of the bankruptcy estate pending further order of this Court" and the Debtor "shall deposit an additional $2,500 with GBF on a monthly basis, which funds shall be held in escrow as an asset of the bankruptcy estate." (Dkt No. 50).

On June 9, 2015, the Court also approved a joint stipulation (Dkt. Nos. 45 and 47) that

---

[2]On June 1, 2015, the IRS filed claim 3 in the amount of $534,459.81. For housekeeping purposes, amended claim 1 effectively replaces claim 3 thus claim 3 is disallowed.

[3]Debtor's objection was filed on August 13, 2015, and was filed as an objection to claim 3. The objections to claim 3 apply equally to amended claim 1 thus the Court has construed the objections as objections to amended claim 1.

provided for, among other things, monthly payments to the IRS in the amount of $7,000 and monthly payments into GBF's escrow account in the amount of $2,000.

On June 9, 2015, the IRS filed a "motion for relief from stay to enforce tax liens against prepetition retainer funds unless adequate protection is provided for the use of those funds" (Dkt. No. 46). In that motion, the IRS clarified that the joint stipulation addressed only the use of Debtor's post-petition income and that the payments provided for in the stipulation were not adequate protection for the IRS's loss of its "prepetition collateral" i.e. the retainer paid to GBF.

On June 11, 2015, the IRS filed an amended motion for relief from stay to address issues which arose at the June 9, 2015 hearing. The amended motion restated the IRS's position that its "liens, which attached to all of Debtor's property upon assessment and demand for the tax, encumbered the full retainer amount before it was remitted to [GBF] and that the *subsequent* services by [GBF] cannot divest the tax liens." (Dkt. No. 51 at 3). Thus, the IRS sought turnover of the $14,028.75 or alternatively, a lift of stay "to permit the government to enforce the tax liens against the prepetition retainer and to collect them by any lawful means." (Dkt. No. 51 at 19).

On July 31, 2015, the IRS withdrew the amended motion for lift of stay as to the $14,028.75 held in escrow in GBF's client trust account (Dkt. No. 79).

On September 25, 2015, the IRS filed the present Renewed Motion for Relief from Stay to Enforce Tax Lien Against Prepetition Retainer Funds (Dkt. No. 127). In the Renewed Motion, the IRS reasserts its request for relief from stay "in order to collect (either through lawsuit or levy) the unused portion of the prepetition retainer paid by the debtor to [GBF]." (Dkt. No. 127 at 1). The IRS renews its assertion that the federal tax liens encumbered Debtor's

4

cash, that the cash remained encumbered when paid to GBF, and that the IRS is entitled to enforce its tax liens against that money.

## Analysis

Upon filing a petition for bankruptcy, an automatic stay is imposed that enjoins creditors from the commencement or continuation of an action against the debtor or the debtor's property. 11 U.S.C. § 362(a). The automatic stay remains in effect until terminated by one of several specific occurrences. 11 U.S.C. § 362(c) *et. seq.* The IRS, in the present case, seeks relief from the automatic stay under § 362(d)(2). That section of the Bankruptcy Code states in relevant part:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--
> . . .
> (2) with respect to a stay of an act against property under subsection (a) of this section, if--
>
> (A) the debtor does not have an equity in such property; and
>
> (B) such property is not necessary to an effective reorganization[.]

11 U.S.C. § 362(d)(2). The movant has the burden of proving the § 362(d)(2)(A) issue, i.e. that the debtor lacks equity in the property at issue. 11 U.S.C. § 362(g)(1). The burden then shifts to the debtor to prove the property is "necessary to an effective reorganization" under § 362(d)(2)(B). *See* 11 U.S.C. § 362(g)(2).

In order to determine whether the IRS is entitled to a lift of stay under § 362(d)(2), the first issue to be addressed is the nature of the parties' interest in the $14,075.28 and whether Debtor has any equity in the money.

Under the Internal Revenue Code, the IRS obtains a lien on the property of a taxpayer when that taxpayer fails or refuses to pay his taxes after assessment, notice, and demand. 26 U.S.C. §§ 6321, 6322.[4] The lien attaches to all property and rights to a taxpayer's property, including property subsequently acquired by the taxpayer. It arises at the time of assessment and continues until the tax obligation is satisfied or until the statute of limitations on collection has expired. *See U.S. v. Nat'l Bank of Commerce,* 473 U.S. 713, 719-20 (1985); *U.S. v. Dishman Ind. Oil*, 46 F.3d 523, 525 (6th Cir. 1995). There is no dispute that in the instant case, pursuant to § 6321, the IRS has valid tax liens in excess of $500,000 against Debtor's property. Given that Debtor paid GBF $14,028.75, an amount significantly less than the amount of the IRS's liens on his property, Debtor clearly had no equity in the property at the time it was paid.

In addition to a lack of equity in the property, a lift of stay under § 362(d)(2) requires a showing that the property is not necessary to an effective reorganization. To defeat a motion for lift of stay, a debtor must show that he has the ability to reorganize within a reasonable time, that reorganization is feasible, and that the property at issue is necessary for reorganization. *See United Sav. Ass'n of Tex. v. Timbers of Inwood Forest Assocs., Ltd.,* 484 U.S. 365, 375-76

---

[4] 26 U.S.C. § 6321 provides:
If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.

11 U.S.C. § 6322 provides:
Unless another date is specifically fixed by law, the lien imposed by section 6321 shall arise at the time the assessment is made and shall continue until the liability for the amount so assessed (or a judgment against the taxpayer arising out of such liability) is satisfied or becomes unenforceable by reason of lapse of time.

(1988).

> To satisfy this requirement, Debtors must do more than assert that they cannot reorganize without the collateral; at a minimum, they must show that they are "moving meaningfully to propose a plan of reorganization" that has a "realistic chance of being confirmed." *In re Ashgrove Apts. of Dekalb County, Ltd.*, 121 B.R. 752, 756–57 (Bankr.S.D.Ohio 1990). "What this requires is not merely a showing that if there is conceivably to be an effective reorganization, this property will be needed for it; but that the property is essential for an effective reorganization that is in prospect." *Timbers*, 484 U.S. 375–76.

*In re Morton*, 2015 WL 4396719, *4 (Bankr. E.D. Tenn.)

In the present case, Debtor's gross monthly income is $19,716.67. The IRS is Debtor's only secured and priority unsecured creditor. It appears to the Court that Debtor has sufficient monthly income to propose and fund a feasible and confirmable Chapter 11 plan without the amount paid as a retainer. The $14,028.75 is not necessary to an effective reorganization on the facts of this case.

The Court concludes that Debtor has no equity in the retainer paid to GBF and the money is not necessary to an effective reorganization. The IRS's Renewed Motion for Relief From Sty is granted pursuant to 11 U.S.C. § 362(d)(2).

## Conclusion

For the foregoing reasons, the IRS's Renewed Motion for Lift of Stay To Enforce Tax Liens Against Prepetition Retainer Funds is GRANTED.

Signed on November 18, 2015

/s/ Marci B. McIvor
Marci B. McIvor
United States Bankruptcy Judge